```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KATHLEEN BECNEL GUERRA                        CIVIL ACTION

VERSUS                                        NO: 07-2909

STATE FARM FIRE AND CASUALTY                  SECTION: R(3)
CO.
```

## ORDER

Before the Court is defendant State Farm Fire and Casualty Company's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (R. Doc. 20.) The plaintiff, who is proceeding *pro se*, has not responded to State Farm's motion.

On April 17, 2007, plaintiff filed suit in state court against State Farm, who issued plaintiff a Standard Flood Insurance Policy (SFIP) as a "Write-Your-Own" carrier under that the National Flood Insurance Program. Plaintiff's state-court complaint is bare bones, but the Court construes it as asserting claims for breach of contract and improper claims adjustment

against State Farm related to the coverage that State Farm provided under plaintiff's SFIP for damage to plaintiff's home resulting from Hurricanes Katrina and Rita.

On April 29, 2008, State Farm filed its motion for summary judgment in accordance with the scheduling order entered in this case. State Farm argues that plaintiff's breach of contract claim is barred because plaintiff did not comply with conditions precedent set forth in her SFIP before filing suit. Specifically, State Farm contends that plaintiff failed to comply with Article VII(J)(4), which requires a plaintiff to timely submit a signed and sworn proof of loss. State Farm asserts that plaintiff's claims are therefore barred under the terms of the SFIP. *See e.g., Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998) (explaining that provisions of the SFIP must be strictly construed and enforced); *Gowland v. Aetna, Inc.*, 143 F.3d 951, 954 (5th Cir. 1998) (explaining that "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the [SFIP]"); *Lafon v. State Farm Fire and Cas. Co.*, No. Civ. A. 99-27, 1999 WL 511400, at * 2 (holding that an insured's failure to provide a complete, sworn proof of loss statement as required by the flood insurance policy relieves the federal insurer's obligation to pay what otherwise might be a valid claim).

State Farm further contends that plaintiff, as a holder of an SFIP, cannot assert extra-contractual state-law claims because such claims are barred and preempted by federal law. *See, e.g., Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) (holding that the National Flood Insurance Act does not expressly authorize policyholders to bring extra-contractual claims against their WYO insurers and that there is no evidence of congressional intent to allow policyholders to file extra-contractual claims under the Act).

The Court has reviewed State Farm's motion and the applicable law. Finding that it has merit, the Court hereby GRANTS State Farm's motion for summary judgment. Plaintiff's claims against State Farm are HEREBY DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this <u>3rd</u> day of June, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE